United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-31585 |
| PEARL RESOURCES LLC | § | |
| and | § | CHAPTER 11 |
| PEARL RESOURCES OPERATING CO. LLC, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| PEARL RESOURCES LLC | § | |
| and | § | |
| PEARL RESOURCES OPERATING CO. LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 22-3304 |
| | § | |
| PARSLEY ENERGY OPERATIONS, LLC | § | |
| and | § | |
| PARSLEY ENERGY, INC. | § | |
| and | § | |
| PARSLEY ENERGY, LLC | § | |
| and | § | |
| PIONEER NATURAL RESOURCES COMPANY | § | |
| and | § | |
| PARSLEY OPERATIONS, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Parsley Energy, Inc., Parsley Energy, LLC, and Parsley Energy Operations, LLC request that this court mandatorily abstain and remand; Cause No. P-8478-83-CV back to the 83rd District Court of Pecos County, Texas pursuant to 28 U.S.C. § 1334(c)(2). Alternatively, Parsley Energy, Inc., Parsley Energy, LLC, and Parsley Energy Operations, LLC seek permissive abstention and

remand pursuant to 28 U.S.C. § 1334(c)(1) or equitable remand under 28 U.S.C. § 1452(a). Pearl Resources Operating Co. LLC and Pearl Resources LLC oppose such relief. Beginning on January 31, 2023 and concluding on February 1, 2023, the Court held a hearing on the matter. For the reasons stated herein, the motion for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) is granted.

### I.  BACKGROUND

1. On March 3, 2020, Pearl Resources Operating Co. LLC and Pearl Resources LLC (collectively "*Debtors*" or "*Pearl*") each filed for relief under chapter 11 of the United States Bankruptcy Code.[1]

2. On March 10, 2020, the Court issued an order jointly administering Pearl's two chapter 11 cases.[2]

3. On July 1, 2020, Pearl filed their jointly administered chapter 11 plan of reorganization (the "*Plan*").[3]

4. On September 30, 2020, Pearl's Plan was confirmed.[4]

5. On October 20, 2020, the Plan became effective.[5]

6. On December 17, 2021 Pearl filed a lawsuit in the 116th District Court for Dallas County, subsequently transferred to the 83rd District Court, Pecos County, Texas (the "*State Court*"), as Cause No. P-8478-83-CV, *Pearl Resources LLC, et al. vs. Pioneer Natural Resources Company, et al.* (the "*State Court Matter*").[6] Pearl brought claims against Pioneer Natural Resources, Co., Parsley Energy, Inc., Parsley Energy, LLC, and Parsley Operations, LLC (collectively "*Parsley*" or "*Defendants*") for negligence, tortious interference with a contract, and trespass.[7] Debtors have since dismissed Pioneer Natural Resources, Co from the State Court Matter.[8]

---

[1] Citations to the docket in this adversary proceeding styled *as* Pearl Resources Operating Co. LLC and Pearl Resources LLC 21-7002 v Parsley Energy Operations, LLC And Parsley Energy, Inc. And Parsley Energy, LLC And Pioneer Natural Resources Company and Parsley Operations, LLC ("*Adversary Proceeding*"), shall take the form "ECF No. __," while citations to the bankruptcy case, 20-3185 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. __."; Bankr. ECF No. 1.
[2] Bankr. ECF No. 27
[3] Bankr. ECF No. 179.
[4] Bankr. ECF No. 239.
[5] Bankr. ECF No. 239 at 32.
[6] ECF No. 27 at 2, ¶ 3.
[7] *Id*. at ¶ 4.
[8] *Id*.

7. On February 4, 2022, Parsley filed in state court their "Motion to Transfer Venue and, Subject Thereto, Original Answer."[9]

8. On April 18, 2022, the Dallas State Court entered its Order granting Parsley's Motion to Transfer, which transferred this proceeding to Pecos County, Texas.[10]

9. On July 20, 2022, this Court entered an "Order On Debtors' Motion To Clarify Or Modify Confirmation Order To Retain Jurisdiction Over Claims Regarding Creditor Transcon Capital, LLC and Parsley Energy, Inc., et al" wherein the Court vacated the Agreed Order Abating Pearl's Objection to Proof of Claim Filed by Transcon[11] and modified the confirmation order[12] to clarify that the Court retained jurisdiction over the State Court Matter subject to removal.[13]

10. On August 3, 2022, this Court entered and "Order Granting Motion Pursuant To Federal Rule Of Bankruptcy Procedure 9006(B) To Extend The Deadline To Remove Certain State Court Actions"[14] granting Pearl until August 17, 2022 to remove the State Court Matter to this Court.

11. On August 5, 2022, Pearl filed their "Notice of Removal" of the State Court Matter to the United States Bankruptcy Court for the Western District of Texas[15] along with a motion to transfer venue to this Court.

12. On September 2, 2022, Parsley filed the instant "Defendants' Motion To Remand and For Abstention" (the "*Motion To Remand*").[16]

13. On September 13, 2022, the motion to transfer venue was granted.[17]

14. On September 23, 2022, Pearl filed "Plaintiff's Response to Defendants' Motion for Mandatory Abstention and Remand ("*Pearl's Response*").[18]

15. On September 30, 2022, Parsley filed their "Reply In Support Of Defendants' Motion for Mandatory Abstention and Remand ("*Parsley's Reply*").[19]

16. Beginning on January 31, 2023 and concluding on February 1, 2023, this Court held a hearing ("*Hearing*") on the Motion to Remand.[20]

---

[9] ECF No. 14 at 3.
[10] *Id.* at 4.
[11] Bankr. ECF No. 194.
[12] Bankr. ECF No. 239.
[13] Bankr. ECF No. 331.
[14] Bankr. ECF No. 336.
[15] ECF No. 1 and 2.
[16] ECF No. 14.
[17] ECF No. 22.
[18] ECF No. 27.
[19] ECF No. 28.
[20] ECF Nos. 75 and 77.

## II.    JURISDICTION AND VENUE

Title 28 U.S.C. § 1334(b) grants this Court jurisdiction over "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." The Court, in its discretion, may abstain from hearing cases under 28 U.S.C. § 1334(c)(1).[21] The Court may also remand a proceeding on any equitable ground.[22] However, the Court has continuous jurisdiction to interpret and enforce its own orders.[23] The jurisdictional issue in this case involves the question of whether the instant adversary proceeding should be remanded to the 83rd District Court of Pecos County, Texas.

Furthermore, this Court may only hear a case in which venue is proper.[24] Pursuant to § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[25] Debtors' main chapter 11 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

## III.    ANALYSIS

Parsley's Motion To Remand seeks: (1) mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2); (2) permissive abstention pursuant to 28 U.S.C. § 1334(c)(1); or, in the alternative, (3) equitable remand under 28 U.S.C. § 1452(a).[26] The Court will discuss each in turn.

**A. Whether Mandatory Abstention pursuant to 28 U.S.C. § 1334(c)(2) applies**

Section 1334(c)(2) governs mandatory abstention and provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this

---

[21] *E.g.*, *Rohi v. Brewer & Pritchard*, 2019 WL 6894775 at *9 (S.D. Tex. Dec. 17, 2019).
[22] *See, e.g.*, 28 U.S.C. § 1334(c)(1); *In re Gober*, 100 F.3d 1195 (5th Cir. 1996); *In re Wood*, 825 F 2d. 90 (5th Cir. 1997).
[23] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)).
[24] 28 U.S.C. § 1408.
[25] 28 U.S.C. § 1409(a).
[26] ECF No. 14.

section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[27]

For mandatory abstention to apply, the Fifth Circuit has interpreted this statute to require the following: (1) a timely motion for mandatory abstention, (2) each claim has no independent basis for federal jurisdiction, other than 28 U.S.C. § 1334(b), (3) each claim is non-core in nature, (4) an action has been commenced in state court, and (5) the action could be adjudicated timely in state court.[28] If these five requirements are met, a court must abstain.[29]

In Pearl's Response, the only one of the five elements contested by Pearl is the fifth requirement – that the action could be adjudicated timely in state court.[30] Furthermore, at the Hearing, Pearl conceded that the only requirement at issue in Parsley's argument for mandatory abstention is the fifth element and that the other elements were "undoubtedly satisfied."[31] The Court agrees with Pearl. The request for mandatory abstention is timely and the first requirement is met since the Motion to Remand was filed just twenty-days after removal of the State Court Matter.[32] Next, the second requirement is met because each of the claims in the State Court Matter originate under Texas state law and § 1334(b) provides the only jurisdictional basis to this Court. Similarly, since these claims do not invoke a substantive right provided by title 11 and can arise outside of the bankruptcy context,[33] they are non-core and the third requirement is met. Finally, it

---

[27] 28 U.S.C. § 1334(c)(2).
[28] *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 728-29 (5th Cir. 2014) (quoting *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 300 (5th Cir. 2007)).
[29] *Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 726 (Bankr. W.D. Tex. 2017) (citing *WRT Creditors Liquidation Tr. v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 613 (S.D. Tex. 1999)).
[30] ECF No. 28.
[31] ECF No. 88 at 19 ("I do agree with Mr. Ketter regarding the first three factors of mandatory abstention. I think that those are undoubtedly satisfied. I haven't -- I have no real good faith argument that this is a core matter. It was certainly state law claims. It was initiated in State Court proceeding. So the issue before the Court regarding mandatory abstention is primarily one of can the State Court hear the matter timely.").
[32] *See Ramirez v. Rodriguez (In re Ramirez)*, 413 B.R. 621, 626 (Bankr. S.D. Tex. 2009) (finding that a motion to remand was timely when made within thirty days of removal).
[33] *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) ("A core proceeding is one that "invokes a substantive right provided by title 11 or . . . by its nature, could arise only in the context of a bankruptcy case.").

is undisputed that the State Court Matter was initiated in State Court on December 17, 2021, thus satisfying the fourth element.[34] Therefore, since each of the other requirements are met, if this Court determines that the State Court Matter can be timely adjudicated in the State Court, mandatory abstention applies.

To establish that the case can be timely adjudicated in state court, the movant need not show that the action can be adjudicated *more quickly* in state court; rather the movant must merely establish that the action simply can be adjudicated timely in state court.[35] In order to meet its burden, the moving party must make more than a naked assertion that the claims can proceed in a timely manner in state court.[36] Previously, courts have noted that the movant can demonstrate "that the suit had already been prosecuted to some extent in the state court, which had issued various orders and become familiar with the case."[37] However, this is just one possible way in which the fifth element can be demonstrated. Other courts within the Fifth Circuit have considered: 1) backlog of the state court's calendar; 2) status of the bankruptcy proceeding; 3) complexity of issues; and 4) whether the state court proceeding would prolong the administration or liquidation of the estate.[38]

In regards to the backlog of cases on the State Court docket, Parsley called Albert Valadez ("*Mr. Valadez*") as an expert witness.[39] Mr. Valadez testified that he was a former District

---

[34] ECF No. 27 at 2, ¶ 4.
[35] *Rubber Flooring Sys. v. Floor-Tex Commer. Flooring, LLC (In re Floor-Tex Commer. Flooring, LLC)*, Nos. 21-33751, 22-3005, 2022 Bankr. LEXIS 1012, at *9 (Bankr. S.D. Tex. 2022).
[36] *Brown v. Shepherd (In re Lorax Corp.)*, Nos. 02-48396-DML-11, 03-4128, 2004 Bankr. LEXIS 598, at *24 (Bankr. N.D. Tex. 2004).
[37] *In re Doctors Hosp. 1997, L.P.*, 351 B.R 813, 846 (Bankr. S.D. Tex. 2006), n. 29 (citing *Broyles v. U.S. Gypsum Co.*, 266 B.R. at *782-83; *J.T. Thorpe Co.*, 2003 U.S. Dist. LEXIS 26016, 2003 WL 23323005, at *3-4).
[38] *In re Lorax Corp.*, Nos. 02-48396-DML-11, 03-4128, 2004 Bankr. LEXIS 598, at *25; *Trustmark Nat'l Bank v. Sanford (In re Trimjoist Corp.)*, Nos. 12-15405-JDW, 13-01024-JDW, 2013 Bankr. LEXIS 3080, at *9 (Bankr. N.D. Miss. 2013).
[39] ECF No. 75.

Attorney in the 83rd District and has extensive experience litigating cases in this district.[40] After reviewing the pleadings in this case, Mr. Valadez estimated that it was possible for the parties to obtain a trial date of one year out or less upon remand.[41] This supports Parsley's argument that the State Court Matter can be timely adjudicated in State Court.

Next, in this case, Pearl confirmed the Plan on September 30, 2020.[42] In order to fully administer the assets of the estate, however, Pearl needs to resolve numerous causes of actions including the pending matter with Parsley. Thus, the current state of the bankruptcy case does not support retention in this Court. For the same reasons, remanding the State Court Matter to State Court is unlikely to prolong administration of the estate. Additionally, the State Court Matter involves claims for negligence, tortious interference with a contract, and trespass.[43] These claims all originate under state law and thus the State Court would be well positioned to litigate these matters efficiently. In sum, these elements further support Parsley's argument that the State Court Matter can be timely adjudicated in State Court.

In Pearl's Response, Pearl argues that "performance under the Plan of reorganization requires prompt resolution of the instant dispute"[44] and that the State Court Matter "cannot be timely adjudicated by the Pecos County court."[45] At the Hearing, Pearl representative, Dr. Myria Dria ("*Dr. Dria*"), testified that she initiated numerous proceedings in Pecos County and, based on her experience, she did not believe the State Court could timely adjudicate the State Court Matter.[46] Pearl further notes that the parties have had turbulent negotiations regarding the entry of

---

[40] ECF No. 87.
[41] *Id.* at 16.
[42] Bankr. ECF No. 239.
[43] ECF No. 27 at 2, ¶ 4.
[44] *Id.*
[45] ECF No. 27 at 1.
[46] ECF No. 87 at 60.

an agreed scheduling order in the State Court.[47] Pearl argues that this issue will be erased in this Court because the court is able to enter a scheduling order without consent of the parties.[48]

Ultimately, however, the Court finds Pearl's argument unpersuasive. As the court in *In re IO at Tech Ridge LP* noted, "[t]ogether, §§ 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court . . . ."[49] In this context, the "countervailing circumstance" is the need to promptly administer the bankruptcy case. So whether the state court can try a dispute timely should be determined by seeing whether the trial in state court will slow resolution of the main bankruptcy case. As discussed above, remanding the State Court Matter to State Court is unlikely to prolong administration of the estate. Furthermore, Pearl's argument is weakened by the fact that while it is now pushing for swift resolution of the instant dispute, Pearl waited over a year and a half after the confirmation of the Plan to file the State Court Suit.[50] Thus, the Court finds Pearl's argument unpersuasive and Parsley has satisfied their burden in demonstrating the fifth element – that the case can be timely adjudicated in state court.

As detailed above, Parsley's case satisfies each factor required for mandatory abstention. The Motion to Remand was brought timely, there is no independent basis for the state law claims except under § 1334(b), the claims are non-core, the action was initially commenced in state court, and the action can be adjudicated timely in state court.

Accordingly, the Court finds that mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) applies and the Motion to Remand is granted. Since the Court has determined that mandatory

---

[47] ECF No. 88 at 22.
[48] *Id.*
[49] *IO at Tech Ridge LP v. Hartford Fire Ins. Co. (In re IO at Tech Ridge LP)*, 646 B.R. 884, 890 (Bankr. W.D. Tex. 2018).
[50] ECF No. 27 at 2, ¶ 4.

abstention applies, the Court need not analyze Parsley's alternative arguments for permissive abstention and remand pursuant to 28 U.S.C. § 1334(c)(1) or equitable remand under 28 U.S.C. § 1452(a).

## IV. CONCLUSION

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED February 17, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge